IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PRINCETON T. TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:13-CV-755-TMH |
| ) | [WO] |
| ) | |
| PRESTON HUGHES, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on an amended complaint filed by Princeton T. Taylor ["Taylor"], an indigent inmate incarcerated at the Covington County Jail, on November 11, 2013. In this civil action, Taylor challenges actions and conditions occurring at the jail from December of 2012 until November of 2013. *Amended Complaint - Doc. No. 7* at 3.[1] Specifically, Taylor complains that: (i) He was previously confined on the same cell block with his co-defendant which resulted in a fight sometime in February of 2013 because they did not agree on how to proceed with their case; (ii) The

---

[1] Although the Clerk of this court stamped the amended complaint "received" November 14, 2014, it is clear that Taylor presented this pleading to prison officials for mailing prior to this date. A review of the document indicates that Taylor executed the amended complaint on November 11, 2014. *Doc. No. 7* at 4. The law is well settled that a *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Taylor] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Thus, the court considers November 11, 2014 as the date Taylor filed the amended complaint.

defendants have no basis for his incarceration; (iii) The conditions to which he was subjected while in segregation in September of 2013 were unconstitutional; and (iv) Since December of 2012 the television stations he believes cater to the interests of African-Americans have not been included in the cable package utilized by the jail. *Id*. Taylor seeks monetary damages for the alleged violations of his constitutional rights. *Id*. at 4.

The defendants filed a special report, supplements to the report and supporting evidentiary materials addressing Taylor's claims for relief. In these documents, the defendants adamantly deny they acted in violation of Taylor's constitutional rights. In addition, the defendants assert that this cause of action is due to be dismissed because prior to filing this cause of action Taylor failed to properly exhaust an administrative remedy available to him at the Covington County Jail with respect to the claims presented in the amended complaint. *Defendants' Special Report - Doc. No. 19* at 3-6; *Defendants' Second Supplement to the Special Report - Doc. No. 36* at 2-3. The defendants base their exhaustion defense on the plaintiff's failure to file a grievance regarding the claims presently pending before this court as allowed by the jail's grievance procedure before seeking relief from this court. On March 4, 2014, the court provided Taylor an opportunity to file a response to the defendants' reports in which he was advised to "specifically address the defendants' assertion[] that ... [h]is claims are due to be dismissed because he failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a) ... prior to filing this federal civil action." *Doc. No. 26* at 1 (footnote omitted). On April 15, 2014, Taylor filed

response in which he argues that he "spoke with the Sheriff about his complaint" and, at some point during his confinement, submitted "several grievances about all matters" occurring at the jail. *Doc. No. 30* at 2. Taylor, however, does not allege nor does he present any evidence that he sought relief through the grievance procedure ***prior*** to filing the instant complaint which is a prerequisite to filing a federal civil action.

"[A]n exhaustion defense ... is not ordinarily the proper subject for a summary judgment; instead it 'should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.'" *Bryant v. Rich*, 530 F.3d 1368, 1374-1375 (11th Cir. 2008) (quoting *Ritza v. Int'l Longshoremen's & Warehousemen's Union,* 837 F.2d 365, 368–369 (9th Cir.1988). Based on the foregoing, the court deems it appropriate to cumulatively treat the defendants' reports as a motion to dismiss.

## II.  STANDARD OF REVIEW

"When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. 'If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.' *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir.2008) (citing *Bryant,* 530 F.3d at 1373–74). If the complaint is not subject to dismissal at this step, then the court should make 'specific findings in order to resolve the disputed factual issues related to exhaustion.' *Id.* (citing *Bryant,* 530 F.3d at 1373-74, 1376)." *Myles v. Miami-Dade County Correctional and*

*Rehabilitation Dept.*, 476 Fed.Appx. 364, 366 (11th Cir. 2012).

Upon review of the undisputed facts of this case as evidenced by the amended complaint, the evidentiary materials filed by the defendants and the plaintiff's response, the court concludes that the defendants' motion to dismiss is due to be granted.

### III.  DISCUSSION

Taylor challenges conditions of confinement and actions taken against him at the Covington County Jail.  Taylor makes the conclusory and unsupported allegation that he submitted grievances to jail officials regarding the matters set forth in the instant complaint. However, the evidentiary materials submitted by the defendants, including all grievances filed by Taylor during his incarceration, demonstrate that the grievances submitted by Taylor do not address the specific claims presented to this court.  *See Defendants' Exhibit E - Doc. No. 36-5* at 2-7.  Moreover, the evidence before the court establishes that Taylor filed no grievance before initiating this cause of action.  *Id*.  The defendants therefore maintain that this case is subject to dismissal because Taylor failed to properly exhaust the administrative remedy provided at the Covington County Jail prior to filing the instant cause of action as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner

4

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378 (2006). Moreover, "the PLRA exhaustion requirement requires ***proper exhaustion***." *Woodford*, 548 U.S. at 93, 126 S.Ct. at 2387 (emphasis added). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." 548 U.S. at 90-91, 93, 126 S.Ct. at 2386-2387. The Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform

Act's exhaustion requirement ... by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to her.  548 U.S. at 83-84, 126 S.Ct. at 2382; *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA).  "***The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint***."  *Smith v. Terry*, 491 Fed.Appx.  81, 83 (11th Cir. 2012) (per curiam) (emphasis added).

      The record in this case demonstrates without dispute that the Covington County Jail provides an administrative remedy for inmate complaints in the form of an inmate grievance procedure.  *Defendants' Exhibit D (Policy and Procedure Directive for Inmate Grievances) - Doc. No. 25-2* at 2.  The grievance procedure allows an inmate to submit grievances to the Jail Administrator with respect to matters/conditions occurring at the Covington County Jail.  The relevant portion of the grievance procedure provides that "[i]nmates must file a completed grievance form within 7 days from the date of the occurrence upon which the grievance is based.  Completed grievance forms will be delivered to the Jail Administrator who will respond to the grievance."  *Id*.  Upon receipt of a response to the grievance from the Jail Administrator, the inmate may appeal "[t]he decision ... to the Sheriff in writing within seventy-two (72) hours of the receipt of the grievance decision."  *Id.*

The record before the court demonstrates that Taylor failed to properly or completely exhaust an administrative remedy available to him during his confinement in the Covington County jail prior to seeking federal relief, a precondition to proceeding in this court on his claims. Specifically, the court finds that Taylor did not submit grievances as permitted by the jail's grievance procedure prior to filing this cause of action. In his response, Taylor states that on several occasions he voiced complaints to one of the jailer. Even if the court assumed that his verbal complaints were about the claims he raises in this case, Taylor did not comply with the grievance procedure. And, while Taylor does contend he filed grievances he does state that he took any appropriate action when he received no response. In short, the court finds that Taylor did not follow the requirements of the grievance procedure concerning the claims raised in this case.

In addition, the time for utilizing the grievance procedure with respect to the claims raised by Taylor expired prior to the filing of this case. Finally, any grievances filed after he filed this case have no bearing on Taylor's proper exhaustion of the administrative remedy provided at the Covington County Jail. *Terry*, 491 Fed.Appx. at 83. Taylor has presented no circumstances which justify his failure to exhaust the jail's grievance procedure prior to filing this case.

Under these circumstances the court finds that dismissal with prejudice is appropriate. *Bryant*, 530 F.3d at 1375 n.1 (acknowledging that where administrative remedies are clearly time barred or otherwise infeasible inmate's failure to exhaust may "correctly result in a

dismissal with prejudice."); *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Johnson*, 418 F.3d at 1157 (same); *Berry v. Kerik*, 366 F.3d 85, 88 (2nd Cir. 2004) (footnotes omitted) (indicating inmate's "federal lawsuits ... properly dismissed with prejudice" where previously available "administrative remedies have become unavailable after prisoner had ample opportunity to use them and no special circumstances justified failure to exhaust.").

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The defendants' motion to dismiss be GRANTED as the plaintiff failed to properly exhaust an administrative remedy previously available to him at the Covington County Jail prior to filing this federal civil action.

2.  This case be dismissed with prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for the plaintiff's failure to properly exhaust an administrative remedy provided to him during his confinement in the Covington County Jail as this remedy is no longer available to him with respect to the claims presented in the this cause of action.

It is further

ORDERED that **on or before July 8, 2014**, the parties may file objections to the

Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 24th day of June, 2014.

            /s/Charles S. Coody
            CHARLES S. COODY
            UNITED STATES MAGISTRATE JUDGE